8 November 1999

NO. 4-98-0962

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

SUSAN JOHNSON, ) Appeal from

Plaintiff-Appellant, ) Circuit Court of

v.  (No. 98MR66) ) McLean County

THE ILLINOIS DEPARTMENT OF PROFESSIONAL ) Nos. 98MR66

REGULATION and LEONARD SHERMAN, )     98MR67

Director, )

Defendants-Appellees, )

and )

LEA POWELL, )

Plaintiff-Appellant, ) 

v.  (No. 98MR67) ) 

THE ILLINOIS DEPARTMENT OF PROFESSIONAL ) 

REGULATION and LEONARD SHERMAN, ) Honorable

Director, ) Luther H. Dearborn,

Defendants-Appellees. ) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

Plaintiffs applied to defendant, Illinois Department of Professional Regulation (Department), for licensing as private detectives.  The Department rejected the applications because plaintiffs failed to satisfy statutory qualifications required of private detectives.  The circuit court of McLean County affirmed the decision of the Department.  Plaintiffs appeal.  We reverse and remand.

On January 1, 1998, plaintiff Susan Johnson was em

ployed as a full-time investigator with the Johnson law office.  Johnson, who had a baccalaureate degree in psychology, had been employed at the law office for 19 months.  She previously had been employed as an investigator with the McLean County public defender's office.  Johnson's law office employment included interviewing witnesses, taking statements, preparing witnesses for trial, reviewing police reports, serving subpoenas, summons, and other legal documents, and tracking down witnesses.  

On January 1, 1998, plaintiff Lea Powell was employed as a full-time investigator with the McLean County public de

fender's office.  She had previously done work in a private law office.  Powell had a baccalaureate degree in criminal justice and had been employed in the public defender's office for 30 months.  Powell's employment with the public defender's office included photographing and surveying crime scenes, taking and verifying statements from witnesses, conducting jail interviews, preparing cases for trial, and serving subpoenas.

Plaintiffs' activities appear to violate the Private Detective, Private Alarm, Private Security, and Locksmith Act of 1993 (1993 Act) (225 ILCS 446/75(a)(6) (West 1996)).  A private detective's license is required of anyone who by any means makes investigations, for a fee, of (1) crimes; (2) the identity, conduct, credibility, 
et
 
cetera
, "of any person, firm, associa

tion, or corporation"; (3) lost or stolen property; (4) the cause or responsibility for fires, accidents, or injuries; or (5) "[t]he truth or falsity of any statement"; or (6) leading to "[s]ecuring evidence to be used before any court," board, or committee.  225 ILCS 446/5 (West 1996).  A private detective's license is also required of anyone who engages in bodyguard functions or serves process in criminal or civil proceedings without court order.  225 ILCS 446/5 (West 1996).  The 1993 Act is very broadly written.  Every employee who investigates any

thing in the course of his or her employment, without a private detective's license, arguably violates the Act.  The Act is seldom, if ever, enforced, but its constitutionality cannot be sustained on that basis.   

Because the 1993 Act is so broad, its constitutionality depends on its many exceptions.  Without exceptions to the 1993 Act, attorneys would need a private detective's license to seek out and interview witnesses, bank employees would need a private detective's license to determine the creditworthiness of loan applicants, and insurance adjusters would need to be licensed as private detectives.  Statutory exceptions cover these areas (225 ILCS 446/30(2) through (7) (West 1996)) but other problem areas remain.  A department store manager who is concerned whether employees are punching each others' time cards, taking home merchandise, or sexually harassing each other may need a private detective's license before making any inquiries.  Attorneys may look for and talk to witnesses without a private detective's license (225 ILCS 446/30(2) (West 1996)) but it appears their paralegals may not.    

On January 21, 1998, Johnson and Powell each submitted an application to the Department for a private detective's license.  In February 1998, Continental Testing Services, Inc. (Continental), the company assigned to administer the private detective test, rejected plaintiffs' applications because plain

tiffs failed to satisfy the statutory requirements to become a private detective.  

The 1993 Act requires that applicants for a license to be a private detective meet the following requirements:  (1) three years' experience during the last five years "working full-

time for a licensed private detective agency as a registered private detective employee," or (2) three years' experience during the last five years "employed as a full-time investigator in a law enforcement agency of a federal or State political subdivision, approved by the [Illinois Private Detective, Private Alarm, Private Security and Locksmith] Board [(Board)] and the Department."  225 ILCS 446/75(a)(6) (West 1996).  Applicants with a baccalaureate degree in police science or a related field, or a business degree, shall be given credit for two of the three years' required experience.  Applicants with associate's degrees in those fields shall be given credit for one of the three years' required experience.  225 ILCS 446/75(a)(6) (West 1996).  Conti

nental denied Johnson's application because her education was in an unrelated field and her work experience was inadequate and denied Powell's application because her work experience was inadequate.  

Is it really true that criminal defense attorneys must rely on former police officers to seek out and interview defense witnesses?  Section 14(a)(7) of the Private Detective, Private Alarm, and Private Security Act of 1983 (1983 Act) (see 225 ILCS 445/14(a)(7) (1992)) allowed an applicant to receive a private detective's license based on three years' experience working as an attorney's investigator.  However, section 14(a)(7) was not included when the 1993 Act was adopted.

Plaintiffs appealed Continental's decision to the Board.  After a hearing in March 1998, the Board recommended plaintiffs' applications be denied for failure to satisfy the statutory requirements.  The Department accepted the Board's recommendation and denied plaintiffs' applications.  Plaintiffs then filed a complaint for administrative review in the circuit court of McLean County.  In October 1998, the circuit court affirmed the Department's decision.  This appeal followed.  

The State, pursuant to its inherent police powers, may regulate businesses for the protection of the public health, safety and welfare.  The fact that the legislature has invoked its police power to regulate a particular trade, however, is not conclusive that such power was lawfully exercised.  
Church v. State
, 164 Ill. 2d 153, 164-65, 646 N.E.2d 572, 578-79 (1995).  A statute that gave master plumbers monopolistic control over the avenues of entry into the plumbing business was held uncon-

stitutional in 
People v. Brown
, 407 Ill. 565, 585, 95 N.E.2d 888, 899 (1950).  The legislature may reasonably require an applicant to have practical experience, such as an apprenticeship, as a prerequisite to licensure.  The supreme court has established a two-part test to determine whether an apprenticeship provision is constitutionally valid:  (1) the provision must not have the effect, when implemented, of conferring on members of the trade a monopolistic right to instruct, and (2) it must be structured in such a way that the apprenticeship it requires is calculated to enhance the expertise of prospective licensees.  
People v. Johnson
, 68 Ill. 2d 441, 447, 369 N.E.2d 898, 901 (1977).   

Applying this two-part test, the portion of the 1993 Act requiring licensing for private alarm contractors was re

cently held unconstitutional in 
Church
, 
164 Ill. 2d at 167-68, 646 N.E.2d at 580.  "No matter how well qualified a person may be by instruction, training[,] or prior experience, he or she can never of his or her own free will become a licensed private alarm contractor unless a member of the regulated industry is willing to hire him or her on a full-time basis for the requisite time period in a particular capacity."  
Church
, 164 Ill. 2d at 168, 646 N.E.2d at 580.  The supreme court distinguished 
People ex rel. Chicago Dental Society v. A.A.A. Dental Laboratories, Inc.
, 8 Ill. 2d 330, 134 N.E.2d 285 (1956), and 
Illinois Polygraph Society v. Pellicano
, 83 Ill. 2d 130, 414 N.E.2d 458 (1980), as cases where "any person" could obtain a license.  
Church
, 164 Ill. 2d at 168-70, 646 N.E.2d at 580-81.  The private alarm contractor licensing scheme also violated the second part of the 
Johnson
 test because nothing suggested that the necessary exper

tise could "be provided only by full-time employment as a private alarm contractor for three years in a supervisory capacity."  
Church
, 164 Ill. 2d at 171-72, 646 N.E.2d at 582.  

The Department argues that the 1993 Act is different from the statutes struck down in 
Church
 and 
Johnson
, 
because the private detective business does not hold monopolistic control over licenses.  An applicant can qualify for a private detective license by working as "a full-time investigator in a law enforce

ment agency of a federal or State political subdivision."  225 ILCS 446/75(a)(6) (West 1996).  It cannot be said, however, that expanding the experience requirement to include police officers has made it possible for "any person" who possesses the necessary abilities to become a licensed private detective.  See 
Chicago Dental Society
, 8 Ill. 2d at 337, 134 N.E.2d at 290; 
Illinois Polygraph Society
, 
83 Ill. 2d at 143-45, 414 N.E.2d at 465-66.  Not many people, no matter how well qualified, can become police officers.   

The legislature cannot avoid the charge of "mono-

polistic right to instruct" by adding to the members of the business a few individuals who may not be interested in partici

pating in the business anyway.  The evil here is monopoly power, whether that power is exercised by a single group or by one group in connection with another.  The Department has not attempted to show that allowing experience as police officers has, in prac

tice, reduced the monopoly power of the private detective busi

ness.  There is also a contradiction in requiring full-time employment in a certain field as a precondition for full-time employment in some other field.  There is no logical progression from full-time police officer to private detective.  A police officer will have to either retire or become dissatisfied with the police force to be a candidate for a private detective's license.  Work as a full-time investigator in a law enforcement agency cannot be described as an apprenticeship toward being a private detective.  No justification appears for limiting work in the broad areas covered in section 75(a)(6) of the 1993 Act to retired police officers and those selected by the private detec

tive business.    

Nor can it be said that the necessary expertise to become a private detective could "be provided 
only
 by full-time employment as a [police officer] for three years."  (Emphasis added.)  
Church
, 164 Ill. 2d at 171-72, 646 N.E.2d at 582.  Police officers have some experience that is useful in performing some of the functions listed in section 5 of the 1993 Act (225 ILCS 446/5 (West 1996)) but so do many other individuals in different trades and professions.  Given the breadth of section 5 of the 1993 Act, some covered investigations require experience and training in fields other than police work. For example, accountants and those who have worked in accountants' offices would likely have more proficiency in examining financial state

ments and documents for fraud and evidence of wrongdoing than would the typical police investigator.  The same can be said of automobile mechanics, firefighters, bankers, building contrac

tors, photographers, and scores of other trades and professions.  The necessary expertise to perform "investigations" in those fields can be, and frequently is, provided by others than police officers.

The Department argues that Powell may be allowed to continue her employment as a full-time investigator with the McLean County public defender's office because the legislature exempted the State and its political subdivisions from compliance with the 1993 Act.  225 ILCS 446/30(1) (West 1996).  That exemp

tion, however, only serves to illustrate the irrationality of the 1993 Act.  Why should paralegals in the public defender's office be allowed to seek out and interview witnesses, while paralegals in private law offices, in this case paralegals with public defender experience, are not?  If the legislature has a legiti

mate interest in regulating those who may be employed in law offices, serving under the direction of licensed attorneys, it may promote that interest by listing qualifications that those employees must meet, but not by limiting law office employment to retired police officers and those chosen by the private detective business.    

Similar to the court's ruling on the 1983 Act in 
Church
, we conclude that the 1993 Act, as interpreted by the Department, violates both prongs of the 
Johnson
 test and is invalid.  We reverse the decision of the circuit court, set aside the decision of the Department, and remand this cause to the Department with directions that plaintiffs shall be allowed to sit for the licensing examination. 

Reversed and remanded with directions.

MYERSCOUGH, J., concurs.

GARMAN, J., dissents.

­­­­­­­­­­­­­­­­­­­­
­­­­­­­

JUSTICE GARMAN, dissenting: 

I respectfully dissent.  The statute is constitutional, and no unregulated monopoly in the private detective field has been created. ­­­­ 

Legislation enjoys a presumption of constitutionality, and a party challenging a statute bears the burden of establishing its invalidity.  
People v. Lantz
,
 186 Ill. 2d 243, 254, 712 N.E.2d 314, 319 (1999).  The regulation of licenses is within the State's police power when such regulation is necessary and related to the protection of the public.  
Scully v. Hallihan
, 365 Ill. 185, 191, 6 N.E.2d 176, 180 (1936).  Thus, we must determine whether the 1993
 
Act's requirements bear a reasonable relationship to protecting the public from poorly trained private detectives.  See 
Johnson
, 68 Ill. 2d at 446, 369 N.E.2d at 901.  

The majority relies on 
Church
, 164 Ill. 2d 153, 646 N.E.2d 572, where
 the supreme court struck down the portion of the 1993 Act requiring licensing for private alarm contractors.  
The court, in applying the two-part test from 
Johnson
, held that the statute granted the private alarm contractors monopolistic control over those who wished to enter the field and the record failed to establish that the statutory requirements were calculated to enhance the expertise of prospective licenses.  
Church
, 164 Ill. 2d at 170, 646 N.E.2d at 581.

If we apply the same test to these facts, we find that an applicant can qualify for a private ­­­­­­­­­­­­­­­­detective li­cense by work­ing as an "inves­tiga­tor in a law en­force­ment agen­cy of a federal or State politi­cal sub­divi­sion."  225 ILCS 446/75(a)(6) (West 1996).  ­­­­­­­­­­The Administrative Code defines "investigator" as "a sworn peace officer who serves in the capacity of a full[-]time detec

tive/investigator or above rank."  68 Ill. Adm. Code §1240.10(b)(3) (1996).  Thus, plaintiffs can satisfy the statutory requirements without working for a licensed private detective.  An individual's access to a license in the field is not limited to a sole avenue of entry, as it was with the alarm contractors.

Section 75(a)(6) of the 1993 Act is also structured to enhance the training and expertise of newly licensed private de­tec­

tives.  Both a reg­is­tered pri­vate de­tec­tive em­ploy­ee and a sworn peace offi­cer (1) are sub­ject to back­ground checks and (2) must complete extensive training before obtaining their position.  See 68 Ill. Adm. Code §§1240.20, 1240.35 (1996) (a registered pri­vate detective employee must complete a min­i­mum of 20 hours of train­

ing).  Additionally, applicants receive credit to­ward the work experience requirements for earning a bachelor or associate's degree in a related field.

The legislature could reasonably conclude that such safe­

ty mea­sures and train­ing cours­es are nec­es­sary because, un­like a pri­vate alarm con­trac­tor, a pri­vate de­tec­tive's actions may have a greater effect on the public.  As sec­tion 5 of the 1993 Act provides, a pri­vate de­tec­tive may (1) in­ves­ti­gate crimes, peo­ple, or the veraci­ty of any state­ment or repre­senta­tion; (2) secure evi­

dence to be used be­fore a court; (3) act as a body­guard; and (4) serve pro­cess in criminal and civil pro­ceed­ings.  225 ILCS 446/5 (West 1996).  Thus, a sig­nif­icant level of train­ing and exper­tise is necessary be­fore be­com­ing a pri­vate detec­tive.

Moreover, the legislature's acceptance of experience gained as a sworn peace officer as an alternative to working for a licensed private detective is not illu­so­ry.  In 
John­son
, the su­

preme court con­sid­ered the Illi­nois Plumb­ing Li­cens­e Law (Ill. Rev. Stat. 1973, ch. 111½, par. 116.36 
et
 
seq
.), which al­lowed plumb­ers to be li­censed if they (1) had five years' expe­ri­ence as a regis­

tered apprentice or (2) complet­ed an ap­proved course of instruc­tion from a trade school, col­lege, or uni­ver­si­ty.  The court found the second alter­native illu­sory be­cause the statute al­lowed the Di­rec­

tor of Public Health to pre­scribe what con­sti­tuted an ap­proved course of in­struc­tion; thus, the practi­cal utility of the edu­ca­

tional alter­native was de­stroyed.  See 
John­son
, 68 Ill. 2d at 449, 369 N.E.2d at 902-03.

Here, however, a sworn police offi­cer's experience pro­

vides him with training that is at least equivalent to that obtained by a reg­is­tered employee of a licensed private detective.  Further, this experience may be obtained without working in the pri­vate detective field.  Thus, an ap­pli­cant may gain the nec­es­sary experi­ence re­quirements by two sepa­rate means.

The private detective industry does not have the monopolistic power to control who will obtain a private detective's license.  One can obtain the requisite work experience by working in the private detective business 
or
 via equivalent experience as a law enforcement officer.  Therefore, I would uphold the constitu

tionality of the statute and affirm the circuit court and the Department.

­